**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION**

| | |
|---|---|
| DEBRA MCLIN BROWNLEE,<br>on behalf of plaintiff and a class,<br><br>   Plaintiff,<br><br>vs.<br><br>MARTINI HUGHES AND GROSSMAN;<br>MHG, LLC; and<br>DAWN MARTIN<br><br>   Defendants. | Case No. 1:18-cv-986<br><br>Class Action |

## ORIGINAL CLASS ACTION COMPLAINT

1. Plaintiff, Debra M. Brownlee (hereinafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by defendants Martini Hughes and Grossman: MGHG, LLC; and Dawn Martin (hereinafter "Defendants"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*. § 1692(e). After determining that the existing consumer protection laws were inadequate, *id*. § 1692(b), Congress gave consumers a private cause of action against debt collectors who

1

fail to comply with the Act. *Id*. § 1692k.

4. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

5. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction).

6. Venue and personal jurisdiction in this District are proper because Defendants' collection activities impacted Plaintiff within this District.

## PARTIES

7. Plaintiff is an individual who resides in the Southern Judicial District of Indiana. Plaintiff is a "Consumer" as defined under the 15 U.S.C. § 1692a(3).

8. Defendant, MHG, LLC d/b/a Martini Hughes & Grossman is a debt collector as defined under the FDCPA.

9. Defendant, Dawn Martin, is one of the owners of MGH, LLC and is also a debt collector as defined under the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendants collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, facsimile, and Internet.

11. This action concerns Defendants attempts to collect from Plaintiff a debt allegedly owed to

Home Works Investment incurred for personal, family or household purposes and not for business purposes (hereinafter "Debt").

12. In its attempt to collect the Debt, Defendants sent a letter dated March 29th, 2017 to the Plaintiff. Exhibit A. The letter stated the following in relevant parts:

    a. The subject of the letter is

    "**Home Works Investment v. Debra McLin Brownlee**

    **Case Number 75-50250; $2433.00 + Fees**"

    b. "At this point your case has been assigned to me as the certified fraud examiner to conduct an in depth pre-trial asset and liability investigation"

    c. "A formal investigation of you, your assets, and the assets of any applicable guarantors will be conducted through our local private investigator."

    d. "Investigators will also check with the Tax Assessor's Office to search for all real property and assets as well as all tax affiliated offices."

    e. The letter was signed by "Dawn Martin, Certified Fraud Examiner".

13. The Letter was sent or caused to be sent by Defendants acting as "debt collectors" as defined by 15 U.S.C. §1692a(6).

14. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

15. The Letter was a form document which was circulated to numerous other consumers by the Defendants.

16. Defendant, Dawn Martin, was intimately involved in drafting and sending the form Letter at issue in this case.

17. Defendants placed a call and left a voicemail for the Plaintiff on her phone.

18. Defendants never sent a notice pursuant to 15 U.S.C. §1692g after placing the phone call and leaving a voicemail for the Plaintiff or after sending the Letter attached as Exhibit A.

## CLASS ALLEGATIONS

19. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (cumulatively referred to as "Classes"):

    ### Class 1

    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana, Illinois, and Wisconsin from whom Defendants attempted to collect a consumer debt using the same unlawful form letter herein attached as Exhibit A to this Complaint, from one year before the date of this Complaint to the present.

    ### Class 2

    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana, Illinois, and Wisconsin whom Defendants failed to send a notice pursuant to 15 U.S.C. §1692g after an initial communication, from one year before the date of this Complaint to the present.

20. The Classes satisfy all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. Upon information and belief, both Classes are so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons: (1) who have received debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA; and/or (2) who never received a 15 U.S.C. §1692g notice following an initial communication. On information and belief, there are more than 50 members in each of the two Classes.

b. There are questions of law and fact which are common to each individual Class and which predominate over questions affecting any individual member of either Class.

c. Plaintiff has no interest adverse or antagonistic to the interest of members of either Class.

d. Plaintiff will fairly and adequately protect the interest of the Classes and has retained experienced and competent attorneys to represent the Classes.

e. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

f. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many members of either Class who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, members of either Class will continue to suffer losses of statutory protected rights. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of its ill-gotten gains.

g. Defendant has acted on grounds generally applicable to both Classes, thereby making appropriate, final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## **LEGAL ALLEGATIONS**

### **Count 1 – References to Fraud**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant, Dawn Martin, identifies himself as a Certified Fraud Expert in the Letter. In fact, Dawn Martin, represents that the case has been assigned to him "**as the Certified Fraud Expert**". Exhibit A.

23. The letter implies that Plaintiff was under an investigation for fraud. Plaintiff's concerns that Defendants are opening an investigation for fraud against her were further bolstered by threats to conduct an in depth investigation about Plaintiff's and any potential guarantor's assets by a private investigator.

24. Plaintiff never committed fraud against Home Work Investments. Furthermore, Defendants did not intend to ever pursue any claims for fraud against the Plaintiff.

25. The natural consequence of Defendants implied suggestions that Plaintiff committed fraud was to harass, oppress, and/or abuse the Plaintiff.

26. Defendants' tactics to suggest that Plaintiff was being investigated for fraud was unfair and unconscionable.

27. Defendants' suggestions that Plaintiff committed fraud were false, deceptive and misleading.

28. Defendants' implied suggestions that Plaintiff was under investigation for fraud were in violation of 15 U.S.C. §1692(d), (e), and (f).

## Count II – Threats to conduct Investigation

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set

forth at length herein.

30. Defendants letter threatens the Plaintiff that Defendants will: (1) engage a local private investigator; (2) create a financial profile for the Plaintiff; and (3) check with the Tax Assessor's Office to search for all real property and assets owned by the Plaintiff.

31. Defendants did not intend to take one or more of the actions threatened in their Letter and referenced in Paragraph 22 of this Complaint.

32. Defendants only threatened the Plaintiff with such invasive actions to impose a sense of urgency and instill fear.

33. The natural consequence of Defendants' hollow threats to engage an investigator and conduct an in depth asset evaluation of the Plaintiff was to harass, oppress, and/or abuse the Plaintiff.

34. Defendants' tactics to make empty threats of engaging an investigator and conducting an in depth asset evaluation were unfair and unconscionable.

35. Defendants' threats to engage an investigator and conduct an in depth asset evaluation of the Plaintiff were false, deceptive and misleading.

36. The threats included in Defendants letter and referenced in Paragraph 22 of Plaintiff's Complaint were in violation of 15 U.S.C. §1692(d), €, and (f).

## Count III – Misleading Caption

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

38. The subject line of Defendants' Letter reads:

<strong>"Home Works Investment v. Debra McLin Brownlee</strong>

<strong>Case Number 75-50250; $2433.00 + Fees"</strong>

39. This subject line of the Letter is fashioned to replicate a lawsuit caption and includes both: the names of the adversary parties; and a case/cause number. The subject line is misleading because it suggests or would suggest to an unsophisticated consumer that a lawsuit has already been filed against the Plaintiff.

40. No lawsuit has been filed by the Defendants against the Plaintiff.

41. The natural consequence of including a deceptive subject line which suggested that a lawsuit was already filed against the Plaintiff was to harass, oppress, and/or abuse the Plaintiff.

42. Defendants' tactics to include a deceptive subject line which suggested that a lawsuit was already filed against the Plaintiff were unfair and unconscionable.

43. Defendants' inclusion of a subject line which suggested that a lawsuit was already filed against the Plaintiff was false deceptive and misleading.

44. Defendants' inclusion of a subject line which suggested that a lawsuit was already filed against the Plaintiff was in violation of 15 U.S.C. §1692(d), (e), and (f).

<strong>Count IV – Failure to provide Notice under 15 U.S.C. §1692g</strong>

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

46. Defendants placed a call and left a voicemail for the Plaintiff on her phone. Defendants also sent the Letter attached as Exhibit A to the Plaintiff. Either one of those two communications constitute an Initial Communication under 15 U.S.C. §1692g.

47. Defendants violated 15 U.S.C. §1692g by failing to send the requisite notice within five days following the Initial Communication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and members of both Classes and against defendant for:

(1) Statutory damages ($1,000 for Plaintiff and the lesser of $500,000 or 1% of net worth for the class) against Defendants;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other or further relief as the Court deems proper.

Respectfully submitted,

*/s/ Ryan R. Frasher*
Ryan R. Frasher, Esq.
**THE FRASHER LAW FIRM, P.C.**
3209 W. Smith Valley Rd., Ste. 253
Greenwood, IN 46142
(317) 633- 8844 telephone
(317) 218 – 4501 facsimile
rfrasher@frasherlaw.com

*/s/Syed Ali Saeed*
Syed Ali Saeed
**SAEED & LITTLE, LLP**
1433 N. Meridian Street,
Indianapolis, IN 46202
(317)614-5741
(888)422-3151 (fax)
Ali@SLLawfirm.com

**ATTORNEYS FOR PLAINTIFF
AND PROPOSED CLASS COUNSEL**

## JURY DEMAND

Plaintiff demands trial by jury.

>*/s/ Ryan R. Frasher*
>Ryan R. Frasher, Esq.
>**THE FRASHER LAW FIRM, P.C.**
>155 E. Market Street, Ste. 450
>Indianapolis, IN 46204
>(317) 634-5544 – telephone
>(317) 630-4824 – facsimile
>rfrasher@frasherlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendants take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.